THE STATE OF OHIO, APPELLEE, *v.* DICKEY, APPELLANT.

(No. 47149—Decided April 23, 1984.)

*Mr. John T. Corrigan,* prosecuting attorney, for appellee.

*Mr. Eugene Sidney Bayer,* for appellant.

PARRINO, J. Defendant-appellant, Reba Dickey, appeals her conviction in Cuyahoga County Common Pleas Court for carrying a concealed weapon in violation of R.C. 2923.12.

I

Defendant was indicted for one count of carrying a concealed weapon. There were several pretrials. On April 15, 1983, the date set for trial, she entered a plea of no contest. The trial court found the defendant guilty as charged. The defendant then filed a timely motion to withdraw the plea of no contest on May 9, 1983. At the sentencing hearing on June 6, 1983, the trial court entertained her motion to withdraw the no contest plea and denied it.

The defendant subsequently received a sentence of one to ten years. From the judgment below, the defendant now appeals.

On the date set for trial, after defendant submitted her plea but prior to the court's acceptance thereof, the prosecutor recited the evidence he expected to present on behalf of the state if the case had gone to trial. The prosecutor stated that the evidence would show that Dickey was waiting in line at a checkout register at a store when the incident in question occurred. When she dropped her purse, a gun inside discharged and a bullet struck a woman next to her. An employee who worked at the cash register witnessed the entire incident. She also saw a police officer approach Dickey after the gun discharged and remove a gun from her purse. Dickey also made a statement admitting that the purse from which the gun was retrieved was hers. The court found defendant guilty of carrying a concealed weapon and deferred sentencing pending a presentence investigation report. Prior to the sentencing hearing defendant's new counsel moved to withdraw the plea. Defendant submitted an affidavit with the motion which stated that her former attorney had not told her that any defense was available to the charge. Defendant further stated that she had purchased the gun to protect herself because she had been attacked and threatened by an acquaintance. The trial court denied the motion and sentenced defendant according to law.

II

Appellant assigns one error on appeal:

"The trial court abused its discretion in failing to allow appellant to withdraw her no contest plea prior to sentencing."

Appellant contends the trial court erred in denying her motion to withdraw because it failed to advise her that R.C. 2923.12(C) sets forth affirmative defenses to the charge of carrying a con-

cealed weapon. Appellant argues that one cannot knowingly and intelligently enter a plea of guilty or no contest unless she knows what she is waiving. She alleges that due to ineffective assistance of counsel and the omission of the trial court she was unaware of the charge against her and most specifically the affirmative defenses set forth by statute.

Crim. R. 32.1, concerning the withdrawal of a guilty plea, states:

"A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

The decision of whether or not to allow a defendant to withdraw his or her plea of guilty or no contest is a matter within the sound discretion of the trial court. *State* v. *Smith* (1977), 49 Ohio St. 2d 261 [3 O.O.3d 402].

The court in *State* v. *Peterseim* (1980), 68 Ohio App. 2d 211, 214 [22 O.O.3d 341], discusses the conditions under which a trial court does not abuse its discretion in overruling a motion to withdraw a guilty plea. One of the conditions is that the accused must be offered a full hearing pursuant to Crim. R. 11, before a plea can be entered.

In *State* v. *Chambers* (Jan. 13, 1977), Cuyahoga App. No. 35285, unreported, at 9, 10, this court held that:

"* * * Crim. R. 11(C)(2)(a) requires that the trial court determine that the accused understands 'the nature of the charge' against him. R.C. 2923.12(A) proscribes the concealed carrying of any deadly weapon or dangerous ordnance. As an integral part of R.C. 2923.12, the Legislature enumerated several affirmative defenses to the crime of carrying a concealed weapon. R.C. 2923.12(C)(1), (2), (3), and (4). We believe that Crim. R. 11(C)(2)(a) requires that the trial court ·determine that an accused charged with carrying a concealed weapon under-

stands that the above statutorily created affirmative defenses are essential components of the 'nature' of the crime of carrying a concealed weapon. * * * [W]e hold that the statutorily prescribed affirmative defenses to carrying a concealed weapon, R.C. 2923.12(C)(1), (2), (3), and (4) are 'critical elements' of the offense of carrying a concealed weapon. *Cf. Henderson* v. *Morgan, supra,* 49 L. Ed. 2d at 115[,] n.18. Due process requires that such 'critical elements' be explained to the accused.

"In view of our reasoning above, we cannot say that the record clearly establishes that appellant intentionally, knowingly, and intelligently relinquished or abandoned his rights to trial to a jury. Appellant therefore did not knowingly, understandingly and voluntarily enter his plea of no contest to the charge of carrying a concealed weapon." Cited with approval in *State* v. *Johnson* (Nov. 23, 1977), Cuyahoga App. No. 36619, unreported.

In the instant case appellant entered her plea without knowledge of the statutorily created affirmative defenses to the charge. At the time of her plea the offense of carrying a concealed weapon was a non-probationable offense under R.C. 2951.02. *State* v. *Carter* (1983), 3 Ohio St. 3d 15. Under such circumstances the necessity of determining that a plea is made with full understanding of available statutory affirmative defenses is mandated. Accordingly, this court cannot say that she entered her plea voluntarily "with understanding of the nature of the charge" against her. Under the facts of this case it was error for the court to deny the withdrawal of the plea.

### III

Judgment reversed and this cause is remanded for further proceedings according to law.

*Judgment reversed and cause remanded.*

DAY, C.J., and ANN MCMANAMON, J., concur.