THE STATE OF OHIO, APPELLANT, *v.* REYNOLDS, APPELLEE.

[Cite as State *v.* Reynolds (1988), 40 Ohio St. 3d 334.]

(No. 87-1240—Submitted November 14, 1988—Decided December 30, 1988.)

*John T. Corrigan,* prosecuting attorney, and *George J. Sadd,* for appellant.

SWEENEY, J. The central issue presented by the instant appeal concerns whether Crim. R. 11(C) requires a trial court to instruct a criminal defendant charged with a violation of R.C. 2923.12(A) relative to the affirmative defenses contained in R.C. 2923.12(C) prior to accepting his plea of guilty.

Crim. R. 11(C) prescribes the requisite inquiry which must be made by a trial judge prior to accepting a guilty plea to a felony charge. Crim. R. 11(C)(2) provides:

"In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and:

"(a) *Determining that he is making the plea voluntarily, with under-*

*standing of the nature of the charge* and of the maximum penalty involved, and, if applicable, that he is not eligible for probation.

"(b) Informing him of and determining that he understands the effect of his plea of guilty or no contest, and that the court upon acceptance of the plea may proceed with judgment and sentence.

"(c) Informing him and determining that he understands that by his plea he is waiving his rights to jury trial, to confront witnesses against him, to have compulsory process for obtaining witnesses in his favor, and to require the state to prove his guilt beyond a reasonable doubt at a trial at which he cannot be compelled to testify against himself." (Emphasis added.)

It was the determination of the court of appeals that appellee was not adequately apprised of the "nature of the charge" pending against him in the absence of an explanation by the trial court that there existed statutorily created affirmative defenses thereto. R.C. 2923.12(A) sets forth the offense for which appellee was charged. It provides:

"No person shall knowingly carry or have, concealed on his person or concealed ready at hand, any deadly weapon or dangerous ordnance."

R.C. 2923.12(C) sets forth the affirmative defenses to an indictment predicated upon R.C. 2923.12(A), as follows:

"It is an affirmative defense to a charge under this section of carrying or having control of a weapon other than dangerous ordnance, that the actor was not otherwise prohibited by law from having the weapon, and that any of the following apply:

"(1) The weapon was carried or kept ready at hand by the actor for defensive purposes, while he was engaged in or was going to or from his lawful business or occupation, which business or occupation was of such character or was necessarily carried on in such manner or at such a time or place as to render the actor particularly susceptible to criminal attack, such as would justify a prudent man in going armed.

"(2) The weapon was carried or kept ready at hand by the actor for defensive purposes, while he was engaged in a lawful activity, and had reasonable cause to fear a criminal attack upon himself or a member of his family, or upon his home, such as would justify a prudent man in going armed.

"(3) The weapon was carried or kept ready at hand by the actor for any lawful purpose and while in his own home.

"(4) The weapon was being transported in a motor vehicle for any lawful purpose, and was not on the actor's person, and, if the weapon was a firearm, was carried in compliance with the applicable requirements of division (C) of section 2923.16 of the Revised Code."

The court of appeals concluded that the failure of the trial court to include in its colloquy with appellee a discussion of the affirmative defenses contained in R.C. 2923.12(C) violated Crim. R. 11(C). It therefore concluded that the trial court failed to determine whether the plea was entered voluntarily, " 'with understanding of the nature of the charge.' " We disagree.

Crim. R. 11(C) requires, *inter alia,* that a trial court ascertain whether a criminal defendant possesses sufficient understanding of the nature of the charge prior to accepting his guilty plea. In the case *sub judice* the "charge" to which appellee ultimately pled is contained in R.C. 2923.12(A). The affirmative defenses to the charge are found in R.C. 2923.12(C), but are

clearly not elements thereof. Consequently, the trial court is not required to apprise the defendant of the availability of these defenses prior to accepting a guilty plea to the charge and its failure to do so will not defeat a finding of "substantial compliance" with Crim. R. 11(C). See *State* v. *Stewart* (1977), 51 Ohio St. 2d 86, 5 O.O. 3d 52, 364 N.E. 2d 1163.

A review of the transcript of the plea proceedings indicates that appellee was represented by counsel in whom he had confidence. It is further evident that both defendant and his attorney acknowledged that the plea was voluntarily entered.

Accordingly, it is our determination that where a criminal defendant represented by counsel is charged with a violation of R.C. 2923.12(A), the trial court is not required, pursuant to Crim. R. 11(C), to apprise him of the affirmative defenses thereto contained in R.C. 2923.12(C) prior to accepting his plea of guilty to the charge.

The decision of the court of appeals is therefore reversed and the judgment of the trial court is reinstated.

*Judgment reversed.*

MOYER, C.J., LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.