**Medina v. Papadelis**
*[Cite as 2 AOA 490]*

*Case No. 1810*
*Medina County, (9th)*
*Decided April 18, 1990*

*R.C. 2929.22.1*
*R.C. 2929.23*
*R.C. 2929.41*

*John J. Lohn, Prosecuting Attorney, 132 N. Elmwood Ave., P. O. Box 703, Medina, OH 44258 for Plaintiff.*

*L. Ray Jones, Attorney at Law, 218 W. Washington St., P. O. Box 592, Medina, OH 44258 for Defendant.*

BAIRD, J.

This cause comes before the court upon the appeal of Nick N. Papadelis from his conviction in the Medina Municipal Court on twenty-seven counts of violations of the Medina City Housing Code. The charges included failure to maintain sanitary conditions and safe premises, and heating and electrical violations.

Appellant is the owner of the Walden Apartments, a multi-family rental property in Medina, Ohio. Pursuant to an inspection of the premises by a city building inspector, numerous notices of violations were issued to appellant with orders for correction. Upon subsequent reinspection, most of the required repairs had not been made, and appellant was charged with failure to correct the violations.

Jury trial was set to begin on March 7, 1989. Pursuant to a plea bargain agreement, several counts were dismissed and appellant entered a plea of no contest to the remaining twenty-seven counts. After hearing the evidence presented by the city, the trial court found appellant guilty on all counts. The court postponed imposition of sentence and referred the matter to the probation department for a presentence report. Subsequently, appellant filed a motion to withdraw his no contest plea. After a hearing on May 5, 1989, the trial court denied the motion to withdraw the plea, and proceeded to impose sentence, one of the provisions of which was a term of six months of home incarceration to be served in a unit of his Walden Apartments.

### ASSIGNMENT OF ERROR I

"Defendant was not given the benefit of his plea bargain in that he was not able to present all of his facts in mitigation; and he did not understand the effect of the plea."

Appellant claims that he was not given the opportunity to fully present facts in mitigation of sentence, as was agreed to in plea bargaining, and that the plea should therefore be vacated for breach of the plea bargain agreement. However, the record shows that both appellant and his counsel were afforded a full opportunity to present evidence and argue their cause before the court. Further, the court had reviewed all the documentary evidence appellant had presented in mitigation to the probation department during its presentence investigation. We therefore find no breach of the plea bargain agreement.

Appellant claims that he did not understand the effect of his plea in that he has difficulty understanding the English language, and that his plea was thus not knowingly and intelligently entered. The record reveals that appellant has lived in this country for almost thirty years, and has been in the business of buying, maintaining, and selling rental properties for nearly that long. Appellant has a long history of negotiating and executing complex business transactions, and was often involved in litigation stemming from these transactions. Appellant has on numerous occasions prosecuted claims on his own behalf without benefit of counsel. We therefore find no abuse of discretion in the trial court's denial of appellant's motion to withdraw his plea on that basis.

The first assignment of error is overruled.

### ASSIGNMENT OF ERROR II

"The court failed to go into affirmative defenses and explain that such were being waived, therefore, the pleas were not knowingly or intelligently done."

Appellant's second assignment of error is without merit as a matter of law. A trial court is not required to explain affirmative defenses to a defendant before accepting a plea of guilty of no contest. The court is required to make certain that the defendant understands the nature of the charge against him, Crim. R. 11(C)(2)(a), but affirmative defenses are not elements of a charge. See *State* v. *Reynolds* (1988), 40 Ohio St. 3d 334.

Appellant relies on *State* v. *Dickey* (1984), 15 Ohio App. 3d 151, which held that it was reversible error for a court to accept a no contest plea to carrying a concealed weapon, R.C. 2923.12, without advising the defendant that that statute sets forth affirmative defenses to the charge. Though *Dickey* is not mentioned by the Supreme Court of Ohio in *State* v. *Reynolds, supra*, the court effectively overruled that case

in holding that the trial court is not required to advise a defendant of the affirmative defenses set forth in R.C. 2923.12 when accepting a guilty plea thereto, as these affirmative defenses are clearly not elements of the charge.

Appellant's second assignment of error is overruled.

### ASSIGNMENT OF ERROR III

"Defendant appeared on May 5, 1989 for a motion to withdraw no contest plea and the court proceeded to sentence although no notice was given to the defendant."

No objection was raised to the trial court on this alleged error; therefore appellant has waived it for purposes of appeal. *State* v. *Williams* (1977), 51 Ohio St. 2d 112. Even if appellant had timely objected, there would be no merit in this argument. Crim. R. 11(B)(3) empowers the court to proceed immediately to sentencing upon acceptance of a no contest plea; there is no requirement of any further notice to a defendant entering such a plea.

### ASSIGNMENT OF ERROR IV

"The prosecutor's statement was insufficient to support a finding of guilty upon the defendant (sic) no contest plea."

We find the facts presented to the court in the complaints and the prosecutor's statement of the evidence in court to be sufficient to support the findings of guilty on all counts, pursuant to the requirements of R.C. 2937.07. See *Cuyahoga Falls* v. *Bowers* (1984), 9 Ohio St. 3d 148.

### ASSIGNMENT OF ERROR VI

"Defendant should have been allowed 90 days to repair violations."

Appellant has waived his right to object to the order of the building inspector giving him eighteen days to complete all required repairs by failing to raise this issue to the local board of building appeals, a procedure that was available to him under local ordinance.

Further, appellant cannot now argue the reasonableness of the order, as this factual issue was waived when he entered his plea of no contest, Crim. R. 11(B)(2).

### ASSIGNMENT OF ERROR V

"It was improper to sentence the defendant to an in home arrest which was a place other than his home. It was error to sentence the defendant to one year incarceration."

The judgment entry of the trial court of May 5, 1989, reads:

"The Court hereby imposes sentence as follows:

"(1) The Defendant is fined $200.00 on each count for a total of $5,400.00;

"(2) The Defendant is ordered to serve a term of one year in the Medina County Jail;

"(3) The fine and six (6) months of the jail term are suspended upon the following conditions;

"(a) The Defendant shall be on probation to this Court for two (2) years;

"(b) The Defendant shall pay the costs of this proceeding within fourteen (14) days;

"(c) The Defendant shall make $5,400.00 of repairs to the Walden Apartments subject to the direction and supervision of the Building Department of the City of Medina. Said repairs to be completed by December 31, 1989, and copies of all receipts to be filed monthly with the Probation Department of this Court;

"(d) The Defendant shall serve a term of Six (6) months of home incarceration beginning June 1, 1989. This term shall be served in a unit at the Walden Apartments.

"(e) No repairs to the unit in which the Defendant serves his home incarceration shall be credited against the $5,400.00 amount without prior approval of the Court.

"(f) Defendant shall follow all terms and conditions of probation as directed by the Probation Department."

This assignment of error presents two issues for review. Appellant argues that it was improper for the court to impose a general sentence of one year in the county jail without specifying the sentence for each count separately, as the court did when imposing the fine. Appellant cites no authority for this contention, nor does he argue it beyond a perfunctory assertion of the error. Nonetheless, we do find merit in this claim.

The maximum penalty for any one of the counts for which appellant was convicted is three months imprisonment or $300 fine or both, per Medina Building Code Section 1301.99. It thus appears that, in sentencing appellant to twelve months in jail, the trial court was sentencing appellant to unspecified terms on more than one count, and that the court intended that at least some of these unspecified terms run consecutively. However, R.C. 2929.41(B)(1) requires the sentencing court to *specify* any sentence that is to run consecutively to another; otherwise these sentences are deemed to run concurrently, per R.C. 2929.41(A). Thus, absent specific enumeration on the record

of the terms to be served consecutively, the maximum time to which appellant could have been sentenced was three months, even if the court had intended to impose the maximum term of three months for each of the twenty-seven counts.

Apparently, the majority of jurisdictions that have ruled on the issue of whether it is proper to impose a general sentence on several counts as opposed to specifically enumerating the sentence for each count, have held that a general sentence that exceeds the maximum allowable punishment for any one of the counts is still valid, so long as it does not exceed the aggregate of the permissible sentences that could have been imposed consecutively. See Annotation (1963), 91 A.L.R. 2d 511. Under this view, the general sentence of twelve months would not be improper, as the maximum aggregate term that could have been imposed in this case is eighteen months, pursuant to R.C. 2929.41(D) and (E)(4).[1]

On the other hand, a substantial number of courts either have expressed disapproval of general sentences while holding them to be valid in such cases, or have held them outright to be invalid. *Id.* In view of R.C. 2929.41(A) and (B)(1), which require the court to specify sentences meant to run consecutively or otherwise have them deemed to run concurrently, we hold that a general sentence that imposes a term of incarceration greater than that permissible on any one count is invalid for failure to specify the sentence imposed for each count and to specify those that are to run consecutively. To hold otherwise would be to allow the court to impose consecutive sentences by implication, in contravention of the clear requirements of the statute.

The second issue presented under this assignment of error involves the imposition of term of home incarceration. There is a lack of clarity in the sentence as to whether the home incarceration was intended as a condition of probation or as an actual sentence. The court lists the term of home incarceration as one of the conditions for suspension of the fine and six months of the twelve-month jail term. When a court sentences a defendant to a term of incarceration, then suspends a portion of that term and imposes a period of probation, the remaining unsuspended period of incarceration must be served before the probation period begins. Thus, if the period of home incarceration was intended as a condition of probation, that period could not have begun until after the unsuspended portion of the sentence had been served. However, from the fact that the term of home incarceration was ordered to begin on June 1, 1989, less than one month after the imposition of sentence on May 5, it is apparent that the court's actual intent was to sentence appellant to serve the *un*suspended six-month portion of the jail term in a unit of the Walden Apartments.

This the court had no authority to do. The power to prescribe the place of commitment of one convicted of a crime lies exclusively with the legislature. *In re Baker* (1969), 18 Ohio App. 2d 276, 282, modified on other grounds, 20 Ohio St. 2d 142 (1969). A trial court is therefore limited to places designated by statute in determining where a convicted defendant will serve sentence. R.C. 2929.221(C) provides:

"A person who pleads guilty to, pleads no contest to and is found guilty of, or is convicted of one or more misdemeanors and who is sentenced to a term of imprisonment pursuant to the conviction or convictions shall serve that term of imprisonment in a county, multicounty, municipal, municipal-county, or multicounty-municipal jail or workhouse, except that a person ordered to be imprisoned in a state penal or reformatory institution pursuant to division (E)(4) of section 2929.41 of the Revised Code shall be imprisoned as ordered."

As we find no statutory authority for the trial court to determine a place of incarceration other than as specified in this statute, we hold that the trial court's sentence of home incarceration was improper, and must therefore be vacated. Appellant attacks the sentence only insofar as it required him to live in a home other than his actual residence, again citing no authority for this argument. However, in that *sentencing* one to home incarceration is error in any case, appellant's assignment of error is well taken.

It is apparent that the underlying purpose of this sentence was to impress upon the appellant the nature and extent of the problems caused by his numerous housing code violations by making experience living under the resultant conditions firsthand, and thus to spur correction of these problems. Indeed, there is a certain poetic justice in making an offender experience directly the results of his offenses, and it seems particularly fitting here. Though we find that the court improperly attempted to achieve this purpose by imposing home incarceration as a matter of sentence, this would not necessarily

preclude the court from imposing it a s a condition of probation under proper circumstances.

A handful of states have enacted statutes that allow home incarceration as a condition of probation. Florida allows confinement in the "home," or "noninstitutional residential placement", as part of its system of probationary community control. 47 Fla. Stat. Ann. section 948.001 *et. seq.* Illinois and Louisiana also allow home incarceration, and fix guidelines for its implementation by statute. Ill. Stat. Ann. Chapter 38 section 1005-6-3(10); La. Stat. Ann C. Cr. P. article 894.2. At least one federal district court has imposed home incarceration as a condition of probation pursuant to standards and guidelines developed by its probation department. *United States* v. *Murphy* (E.D.N.Y. 1985), 108 F.R.D. 437. Home incarceration is being increasingly used as a means of rehabilitation that is less severe than actual imprisonment, while allowing closer supervision than normal probation. See Comment, *House Arrest: A Critical Analysis of an Intermediate-Level Penal Sanction,* 135 U. Penn. Law Rev. 771 (March 1987).

Ohio has no statute that expressly provides for home incarceration as a condition of probation, as it does for numerous other special conditions, such as community service work, R.C. 2951.02(H), residence in halfway houses or community residential centers, R.C. 2967.14(A), or special conditions for those convicted of driving under the influence, R.C. 2951.02(I). However, the trial court is granted a measure of discretion in fixing additional conditions of probation by R.C. 2951.02(C), which provides in part that "In the interests of doing justice, rehabilitating the offender, and insuring his good behavior, the court may impose additional requirements on the offender,..." This discretion is not limitless: such conditions cannot be overly broad so as to unnecessarily impinge upon the probationer's liberty. *State* v. *Jones* (1990), 49 Ohio St. 3d 51, 52.

"***.

"In determining whether a condition of probation is related to the 'interests of doing justice, rehabilitating the offender, and insuring his good behavior,' courts should consider whether the condition (1) is reasonably related to rehabilitating the offender, (2) has some relationship to the crime of which the offender was convicted, and (3) relates to conduct which is criminal or reasonably related to future criminality and serves the statutory ends of probation.***." *Id.* at 53.

We therefore caution the court, should it choose to impose home incarceration as a condition of probation on remand for resentencing, to be careful to establish reasonable guidelines, conditions, and procedures for its implementation, so that probation may achieve its rehabilitative purposes without restriction on the probationer's individual rights.

Judgment of the trial court is affirmed in part and reversed in part. The sentence is vacated and the cause remanded for resentencing consistent with this opinion and the law.

The Court finds that there were reasonable grounds for this appeal.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

CACIOPPO, P. J.
CIRIGLIANO, J.
Concur

———

[1] Appellee's assertion that the appellant could have been sentenced to eighty-one months in jail is thus clearly in error.