OPINION *Page 2 
{¶ 1} Defendant-Appellant Michael Goddard appeals a judgment of the Wyandot County Common Pleas Court finding him guilty of theft and sentencing him to two years of community control. Goddard asserts that the trial court erred in allowing him to represent himself and enter a guilty plea at his arraignment. Finding that the trial court properly observed the requirements of Crim.R. 11 at the time Goddard entered his plea, we overrule his assignment of error and affirm the judgment of the trial court
 {¶ 2} On December 14, 2005, the Wyandot County Grand Jury indicted Goddard on one count of theft, a violation of R.C. 2913.02(A)(3),2913.61. The indictment was the result of Goddard writing a series of checks to Marty's Supercenter IGA in the aggregate amount of $619.56, knowing that he had insufficient funds to honor the checks. Goddard was arraigned on January 24, 2006, at which time he orally waived counsel and executed a written waiver of counsel. Thereafter, he entered a guilty plea to the charge.
 {¶ 3} In a writing addressed to the trial court and filed on February 13, 2006, Goddard requested the appointment of counsel for the purpose of withdrawing his plea. After conducting an indigency hearing on February 22, 2006, the trial court appointed counsel for Goddard. The record indicates that Goddard met with his appointed counsel that day and on nine other occasions prior *Page 3 
to sentencing. Goddard did not file a motion to withdraw his plea, and the record does not reflect any reason for that decision.
 {¶ 4} On May 4, 2006, Goddard appeared for sentencing with counsel, at which time the trial court imposed two years of community control sanctions. It is from this judgment that Goddard appeals, setting forth one assignment of error for our review.
 Assignment of Error The trial court erred to the prejudice of the defendant when it allowed him to represent himself at his arraignment and enter a guilty plea.
 {¶ 5} In his assignment of error, Goddard asserts that his conviction should be vacated because the trial court failed to substantially comply with Crim.R. 44 prior to allowing him to enter an uncounseled guilty plea at his arraignment. In support thereof, Goddard argues that this court must examine the record to determine whether Goddard's waiver of counsel substantially complied with Crim.R. 44.
{¶ 6 In State v. Spates, 64 Ohio St.3d 269, 271, 1992-Ohio-130,595 N.E.2d 351, the Ohio Supreme Court held that a defendant's plea of guilty, entered into knowingly, intelligently, and voluntarily, waives his right to challenge constitutional violations occurring prior thereto. In addressing this issue, the court stated: *Page 4 
 "* * * a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea * * *."
Id., at 271-272, quoting Tollett v. Henderson (1973), 411 U.S. 258, 267, 93 S.Ct.1602, 36 L.Ed.2d 235, citing Brady v. United States (1970),397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747.
 {¶ 7} Given this clear language, the crucial inquiry in this cause becomes whether Goddard's plea of guilty was entered knowingly, intelligently, and voluntarily. Accordingly, we are required to review the record to ensure that the trial court followed Crim.R. 11 at arraignment when Goddard submitted his guilty plea.
 {¶ 8} A guilty plea will be considered knowing, intelligent, and voluntary if, before accepting the plea, the trial court, at the very least, substantially complied with the procedures set forth in Crim.R. 11. State v. Nero (1990), 56 Ohio St.3d 106, 108, 564 N.E.2d 474. "Substantial compliance means that, under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving." Id., citing State v.Stewart (1977), 51 Ohio St.2d 86, 364 N.E.2d 1163; State v. Carter
(1979), *Page 5 60 Ohio St.2d 34, 38, 396 N.E.2d 757, certiorari denied (1980), 445 U.S. 953,100 S.Ct. 1605, 63 L.Ed.2d 789. Crim.R. 11(C)(2) provides:
 In felony cases the court * * * shall not accept a plea of guilty * * * without first addressing the defendant personally and doing all of the following: (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing. (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty * * *, and that the court, upon acceptance of the plea, may proceed with judgment and sentence. (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.
 {¶ 9} In this case, prior to accepting Goddard's plea, the trial court conducted a colloquy with him, specifically addressing, among other issues, the constitutional rights that he was waiving by entering his plea of guilty. The trial court advised Goddard that he had the right to be represented by counsel, and if he could not afford counsel, an attorney would be provided at public expense; that he had the right to be tried either by the court or by a jury; that he had the right to confront and question witnesses that may be called against him; that he had the right to compel witnesses to testify on his behalf and in his defense at trial; that he had the right to testify or not testify at trial and that nobody could comment on his *Page 6 
failure to testify; and that he had the right to force the State to prove his guilt beyond a reasonable doubt. The court also included in this colloquy a thorough discussion of the effect of Goddard's plea; that the plea constituted an admission of the commission of the offense charged, and that upon acceptance of the plea, the court could proceed to sentence immediately or refer the matter for a presentence investigation.
 {¶ 10} The court also adequately discussed the nature of the charge against Goddard and fully discussed all of the potential penalties that might accrue from his conviction. The court questioned Goddard about the circumstances surrounding his decision to plead guilty, including whether there had been any threats or promises made to influence his decision. The court inquired about Goddard's age, address, marital status, citizenship, level of education, his ability to read and write the English language, and whether he was under the influence of any medication, drug or alcohol.
 {¶ 11} Finally, the court asked Goddard to establish a factual basis on the record that would support his guilt of the charge against him. At the conclusion of this colloquy, the trial court found that there was a factual basis for the plea; that Goddard knew and understood his legal and constitutional rights; and that his plea was made knowingly, understandingly, and voluntarily. *Page 7 
 {¶ 12} In reviewing this matter, we note that Goddard has not presented any alleged error in the trial court's Crim.R. 11 proceedings. Goddard's argument suggests only that the trial court failed to advise him of the dangers and disadvantages of proceeding without counsel and failed to advise him of possible defenses to the charge.
 {¶ 13} Despite Goddard's contentions, the trial court is not obligated to inform the defendant of anything beyond what is required by Crim.R. 11 before accepting a guilty plea. Crim.R. 11 does not require the trial court to advise defendants of the dangers and disadvantages of proceeding without counsel, nor does it require the trial court to counsel defendants about possible defenses to the charge. State v.Reynolds (1988), 40 Ohio St.3d 334, 533 N.E.2d 342 (trial court not required to apprise defendant represented by counsel of defenses to charge prior to accepting plea, and the court's failure to do so will not vitiate a finding of substantial compliance with Crim.R. 11(C)). See also State v. Gardner, 3rd Dist. Nos. 14-02-18, 14-02-19, 2003-Ohio-1580, at ¶ 12, citing State v. Firestone, 4th
Dist. App. No. 00CA542, 2001-Ohio-2506 (the Reynolds proposition has been extended to defendants who are properly apprised of their right to counsel and reject representation.).
 {¶ 14} Claims of voluntariness have been repeatedly rejected where the only alleged deficiency is that the defendant was not informed of a right or waiver *Page 8 
not specified in Crim.R. 11. See State v. Woods, 3rd
Dist. No. 1-05-82, 2006-Ohio-2368 (failure to advise as to appellate rights); Gardner, at ¶ 11; State v. Leasure, 6th Dist. No. L-05-1260, 2007-Ohio-100 (waiver of claims of ineffective assistance of counsel that do not go to the voluntariness of the plea); State v.Mavroudis, 7th Dist. No. 02 CO 44; 2003-Ohio-3289 (failure to advise as to speedy trial rights); State v. Railing (Oct. 20, 1994), Cuyahoga App. No. 67137, unreported (incorrect information regarding speedy trial rights). Since Crim.R. 11 does not require the trial court to inform Goddard of the possible defenses to the charge or of the dangers and disadvantages of representing himself, these issues are waived for purposes of appeal by the guilty plea.
 {¶ 15} Finally, in order to challenge the validity of a plea, a defendant must show at least some prejudicial effect from the trial court's failures. Nero, at 108, citing Stewart, at 93; Crim.R. 52(A). "[F]ailure to comply with nonconstitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice." State v.Griggs, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, at ¶ 12, citing Nero, at 108. The test for prejudice is "whether the plea would have otherwise been made." Id. Goddard has not demonstrated that he suffered any prejudice whatsoever by the trial court's failure to advise him as to any possible defenses or as to the dangers and disadvantages of representing himself. To the contrary, the record discloses that counsel was appointed for Goddard at his first *Page 9 
request for same. Goddard requested counsel prior to sentencing in order to file a motion to withdraw his guilty plea, at which time these and any other issues could have been properly raised in the trial court.
 {¶ 16} We therefore hold that because the trial court substantially complied with the nonconstitutional requirements of Crim.R. 11 and strictly complied with its constitutional mandates, Goddard's plea was made knowingly, intelligently, and voluntarily. Consequently, we must overrule his only assignment of error.
 {¶ 17} Having found no error prejudicial to the appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 SHAW, J., concurs.
 ROGERS, P.J., dissents.
 (Walters, J., sitting by assignment in the Third AppellateDistrict.) *Page 1