OPINION
{¶ 1} Defendant-appellant, Kamal Sahr, appeals from the judgments of the Franklin County Court of Common Pleas, finding defendant guilty of voluntary manslaughter, in violation of R.C.2903.03, with a firearm specification, and burglary, in violation of R.C. 2911.12. For the reasons that follow, we affirm the judgments of the trial court.
 {¶ 2} On June 1, 2004, in case No. 04CR06-3560, defendant was indicted on one count of murder, in violation of R.C. 2903.02, with a firearm specification, pursuant to R.C. 2941.145 (Count 1); one count of illegal possession of a firearm in a liquor permit premises, in violation of R.C. 2923.121 (Count 2); one count of tampering with evidence, in violation of R.C. 2921.12
(Count 3); and one count of having a weapon while under disability, in violation of R.C. 2923.13 (Count 4). On September 21, 2004, in case No. 04CR09-6147, defendant was indicted on two counts of burglary, in violation of R.C. 2911.12.
 {¶ 3} On April 19, 2005, the trial court conducted a plea hearing. In case No. 04CR06-3560, defendant entered a plea of guilty to the lessor included offense of voluntary manslaughter, with a firearm specification, in violation of R.C. 2903.03. A nolle prosequi was entered for Counts 2, 3, and 4 of the indictment. In case No. 04CR09-6147, defendant entered a plea of guilty to one count of burglary, in violation of R.C. 2911.12. A nolle prosequi was entered for the other burglary count of the indictment.
 {¶ 4} The parties jointly recommended a sentence of ten years for the voluntary manslaughter offense, plus three years for the firearm specification, and five years for the burglary offense, to be served consecutively. The trial court followed the recommendation and duly sentenced defendant to a total of 18 years in prison. The court certified 332 days of jail credit. On April 26, 2005, the trial court entered judgment in both cases.
 {¶ 5} Defendant timely filed a notice of appeal in both cases, and on May 24, 2005, this court consolidated the two appeals. Defendant sets forth the following assignment of error for our review:
The trial court erred in accepting Appellant's guilty plea in violation of Crim.R. 11 and due process guarantees under the state and federal Constitutions.
 {¶ 6} Under his assignment of error, defendant argues that the trial court failed to comply with Crim.R. 11 and due process when it accepted his guilty pleas[1] in the two cases from which he appeals. Defendant argues that the trial court failed to properly determine whether his guilty pleas were knowingly, voluntarily, and intelligently entered. Specifically, defendant argues that the trial court failed to comply with Crim.R. 11(C)(2), which provides as follows:
(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.
 {¶ 7} The procedural requirements for accepting a guilty plea set forth in Crim.R. 11(C)(2) are consistent with constitutional protections afforded a defendant. See, e.g., State v. Cruse,
Franklin App. No. 01AP-1074, 2002-Ohio-3259, at ¶ 26. A trial court must strictly comply with the provisions of Crim.R. 11(C)(2) that relate to the waiver of constitutional rights, including the right to a trial by jury, the right to confront one's accusers, the privilege against self-incrimination, and the right to compulsory process of witnesses. See State v. Stewart
(1977), 51 Ohio St.2d 86, 88-89; State v. Ballard (1981),66 Ohio St.2d 473, paragraph one of the syllabus; State v. Colbert
(1991), 71 Ohio App.3d 734; see, also, Boykin v. Alabama
(1969), 395 U.S. 238, 89 S.Ct. 1709. Regarding the nonconstitutional requirements of Crim.R. 11, only substantial compliance is required. Stewart, at 93; State v. Nero (1990),56 Ohio St.3d 106, 108; Colbert, at 737. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Nero, at 108. Further, defendant must show the failure to comply had a prejudicial effect. Id.
 {¶ 8} Additionally, the Supreme Court of Ohio has stated that "the best method of informing a defendant of his constitutional rights is to use the language contained in Crim.R. 11(C), stopping after each right and asking the defendant whether he understands the right and knows that he is waiving it by pleading guilty. We strongly recommend such procedure to our trial courts." Ballard, supra, at 479. However, the Supreme Court further observed that the "failure to so proceed will not necessarily invalidate a plea. The underlying purpose, from the defendant's perspective, of Crim.R. 11(C) is to convey to the defendant certain information so that he can make a voluntary and intelligent decision whether to plead guilty." Id. at 479-480. Thus, "the focus, upon review, is whether the record shows that the trial court explained or referred to the right in a manner reasonably intelligible to that defendant." Id. at 480.
 {¶ 9} Defendant argues that the trial court questioned him regarding his rights "without engaging in a meaningful dialogue." Apparently, defendant is arguing that his one-word responses to the trial court's questions were insufficient to permit the trial court to accept his guilty pleas. Also, defendant seems to argue that the trial court erred by not stopping after each right and asking him whether he understands the right and knows he is waiving it. We disagree with defendant's contentions.
 {¶ 10} The following colloquy occurred at the plea hearing:
THE COURT: Before you signed all these documents, did you review them with your attorney?
THE DEFENDANT: Yes.
THE COURT: Do you feel you understand them?
THE DEFENDANT: Yes.
THE COURT: Did anybody force you to sign these documents, threaten you in any way or promise you anything?
THE DEFENDANT: No.
THE COURT: Did you sign these documents of your own free will?
THE DEFENDANT: Yes.
THE COURT: Do you understand when you sign these documents and submit them to the court, in each case in which you sign an Entry of Guilty Plea, you are waiving or giving up your right to jury trial on that case. Do you understand that?
THE DEFENDANT: Yes.
THE COURT: Do you understand since there are a total of five cases, you are waiving a total of five jury trials? Do you understand that?
THE DEFENDANT: Yes.
THE COURT: When you waive your right to jury trial, I'm required by law to advise you that you waive all the rights that you would have had during that trial. Those rights are the right to remain silent, the right to require the prosecutor to prove your guilt beyond a reasonable doubt, the right to issue subpoenas for your witnesses if you have any and have this court enforce them for you. You would have the right to confront and cross-examine your accusers through your lawyer. And finally, if the jury found against you on a factual basis, you would have the right to appeal to the Court of Appeals. Do you understand all those rights and voluntarily give them up in order to enter these pleas of guilty to reduced charges?
THE DEFENDANT: Yes.
(Tr. 6-7.)
 {¶ 11} At the hearing, defendant also informed the trial court that he was not under the influence of any alcohol, medication, drugs or anything else that could affect his ability to understand the nature of the proceedings. He further informed the trial court that he can read, write and understand English, and that he attended college. Moreover, the trial court repeatedly asked defendant whether he had any questions. Other than asking about his jail-time credit, defendant did not ask any questions.
 {¶ 12} We find that the fact that defendant provided simple "yes" or "no" responses to the trial court's questions regarding his rights did not render the dialogue as non-meaningful. Although concise, defendant's responses to the trial court's questions were demonstrative of his understanding of the rights involved and the consequences of pleading guilty. Significantly, defendant's responses to the trial court's questions were not equivocal. Additionally, although the trial court did not stop after each constitutional right and ask whether defendant understood that right, it clearly explained defendant's constitutional rights in a manner "reasonably intelligible" to him. Thus, defendant's argument that the trial court did not engage in a "meaningful dialogue" is not persuasive.
 {¶ 13} Defendant also argues that the trial court did not properly determine whether he understood the elements of the offenses and the legal defenses set forth by statute. Regarding the issue of the nature of the offenses, this court has held that it is not always necessary that a trial court advise a defendant of the elements of the crime or specifically ask the defendant if he understands the charge, provided that the totality of the circumstances are such that the trial court is warranted in making a determination that the defendant understands the charge.State v. Martin, Franklin App. No. 03AP-1095, 2004-Ohio-5535, at ¶ 15.
 {¶ 14} In this matter, the trial court specifically asked defendant whether he understood the nature of the charges in case Nos. 04CR06-3560 and 04CR09-6147. As to both cases, defendant answered affirmatively. Defendant's responses were consistent with the guilty plea entries he signed in those cases. The guilty plea entries identified the charge in each case and stated that defendant had reviewed the facts and law of each case with his counsel. Thus, the totality of the circumstances, which are reflected in the record, clearly demonstrate that defendant understood the nature of the charges to which he pled guilty.
 {¶ 15} Regarding the issue of statutory defenses, defendant cites State v. Dickey (1984), 15 Ohio App.3d 151, 152, for the principle that a trial court must determine whether a defendant understands statutory defenses to the charged crimes before accepting a guilty plea. However, the Supreme Court of Ohio has held that affirmative defenses are not elements of the charge and that the trial court is not required to inform a defendant of available affirmative defenses. State v. Reynolds (1988),40 Ohio St.3d 334. See State v. Frye (Nov. 10, 1997), Franklin App. No. 97APA01-106 ("Crim.R. 11 does not require the court to inform the accused of the availability of affirmative defenses"). Thus, defendant's argument regarding his understanding of statutory defenses is unpersuasive.
 {¶ 16} Upon our review of the record, we conclude that the trial court complied with the requirements of Crim.R. 11(C) and due process in accepting defendant's guilty pleas. Therefore, defendant's assignment of error is overruled, and the judgments of the Franklin County Court of Common Pleas are affirmed.
Judgments affirmed.
Klatt, P.J., and McGrath, J., concur.
[1] Although, in his brief, defendant refers to his guilty "plea," he clearly is challenging his plea of guilty in both underlying trial court cases from which he appeals. As such, we will address his arguments in relation to his two guilty pleas in the underlying cases.