OPINION
{¶ 1} Defendant-appellant, William M. Payne, appeals from a judgment of the Franklin County Court of Common Pleas convicting him of one count of felonious assault, in violation of R.C.2903.11, and imposing a five-year sentence of imprisonment. For the following reasons, we affirm.
 {¶ 2} On May 5, 2005, the grand jury indicted Payne of: (1) aggravated burglary, in violation of R.C. 2911.11, (2) attempted murder, in violation of R.C. 2923.02 as it relates to R.C.2903.02, (3) felonious assault, in violation of R.C. 2903.11, and (4) tampering with evidence, in violation of R.C. 2921.12. Payne was arrested and held in jail in lieu of bond. On July 21, 2005, Payne, acting pro se, filed an "Application for Writ of Habeas Corpus," in which he argued, in part, that the scheduling of his trial over 90 days after his arrest violated his speedy trial rights. Subsequently, Payne's appointed attorney filed a motion to dismiss on that same ground, relying upon R.C. 2945.71.
 {¶ 3} After the trial court denied the two motions, Payne pled guilty to count three of the indictment (the felonious assault count) and the state dismissed the remaining counts. On September 27, 2005, Payne appeared before the trial court so that he could enter his plea and the trial court could impose a sentence upon him. During this hearing, the trial court instructed Payne as to the matters set forth in Crim.R. 11(C)(2), asking periodically whether Payne understood. Payne answered affirmatively to each question. The trial court and Payne then engaged in the following exchange:
THE COURT: Anything you want me to explain, either about what you are pleading to, the sentence, the rights you are giving up? Any questions?
THE DEFENDANT: Yes, I do have a question. Earlier during the process of this prosecution, me and my lawyer filed a motion to dismiss for lack of speedy trial, and the Court answered. You made a decision saying, you know, it's okay to go ahead and try it. Is it possible I could bring that issue up again or does that go out the window also?
THE COURT: You have no right to appeal that decision. If, in some way, you feel your constitutional rights were violated, at a later time you are entitled to file what we call a post-conviction petition, an alleged constitutional violation of your rights. But in terms of direct appeal, you have given up your right to appeal that issue from this court's decision, because you are pleading guilty. You could try to raise it by issue of post-release conviction — post-conviction petition, and whether or not it would be successful, I wrote the decision, so I would say it wouldn't, but you could try it.
THE DEFENDANT: I have no more questions.
(Tr. at 10-11.)
 {¶ 4} The trial court accepted Payne's plea and sentenced him to the jointly recommended five-year term of imprisonment. On September 29, 2005, the trial court issued a judgment entry reflecting Payne's conviction and sentence.
 {¶ 5} Payne now appeals from that judgment entry and assigns the following error:
The trial court erred in accepting Appellant's guilty plea in violation of Crim.R. 11 and due process guarantees under the state and federal Constitutions.
 {¶ 6} By his only assignment of error, Payne argues that his plea is invalid because: (1) the trial court misled him about the availability of post-conviction review of his speedy trial argument, and (2) the trial court failed to engage him in a "meaningful dialogue" about the offense to which he pled and the constitutional rights he waived. We disagree with both arguments.
 {¶ 7} Crim.R. 11(C) requires a trial court to inform a felony defendant of certain constitutional and nonconstitutional rights before it may accept a plea. Fulfilling the procedural requirements of Crim.R. 11(C)(2) affords a defendant the necessary constitutional protections and guarantees that his plea is knowing, intelligent, and voluntary. State v. Griggs,103 Ohio St.3d 85, 2004-Ohio-4415, at ¶ 11; State v. Cruse,
Franklin App. No. 01AP-1074, 2002-Ohio-3259, at ¶ 26.
 {¶ 8} Because Crim.R. 11(C)(2)(c) ensures that a defendant understands that his entry of a guilty plea waives his constitutional rights, a trial court must strictly comply with the requirements of that section. State v. Ballard (1981),66 Ohio St.2d 473, paragraph one of the syllabus. Failure to strictly comply with Crim.R. 11(C)(2)(c) invalidates a guilty plea under the presumption that the defendant entered it involuntarily and unknowingly. Griggs, at ¶ 12. However, neither strict compliance nor the accompanying presumption applies to the remainder of Crim.R. 11(C)(2). As Crim.R. 11(C)(2)(a) and (b) require a trial court to instruct a defendant on nonconstitutional matters, the trial court need only substantially comply with those sections. Id.; State v. Nero
(1990), 56 Ohio St.3d 106, 108. Failure to substantially comply with Crim.R. 11(C)(2)(a) and (b) will not invalidate a plea unless the defendant thereby suffers prejudice. Griggs, at ¶ 12. In order to prove prejudice, a defendant must show that he would not have entered the plea if the trial court had adequately informed him of his nonconstitutional rights. Nero, at 108;State v. Jones, Franklin App. No. 03AP-20, 2003-Ohio-4513, at ¶ 10 (a defendant "must show that he would not have entered his guilty plea but for the trial court's failure to substantially comply with Crim.R. 11").
 {¶ 9} In the case at bar, Payne claims that the trial court misled him about the effect of his plea when it implied that a court would consider whether his speedy trial rights were violated if he filed a post-conviction relief petition. Defendant asserts that, because of his plea, the doctrine of res judicata bars any claim he might raise in a post-conviction relief petition. For the purposes of this appeal, we will assume that this assertion is correct, and thus, we must also assume that the trial court's implication about the availability of post-conviction review is wrong.
 {¶ 10} Generally, a defendant's plea is not knowing and intelligent if it is premised upon a trial court's erroneous explanation of the defendant's rights. State v. Mitchell,
Trumbull App. No. 2004-T-0139, 2006-Ohio-618, at ¶ 15; State v.Atchley, Franklin App. No. 04AP-841, at ¶ 11. However, because post-conviction review is not one of the constitutional rights included in Crim.R. 11(C)(2)(c), Payne's plea is not invalid unless the erroneous representation prejudiced him. Thus, Payne must prove that, but for the implication that post-conviction review of his speedy trial argument was available, he would not have entered his plea. Payne fails to satisfy this burden. Nothing in the record indicates that Payne's decision to plead guilty hinged upon his belief that he could challenge the alleged violation of his speedy trial rights before another court. Payne made no statement from which we might infer that the trial court's answer to his single question had any impact on his decision to plead. Further, from what testimony is in the record, we find it unlikely that Payne gave much weight to the availability of post-conviction review given that the trial court told Payne that in all likelihood his speedy trial argument would not be successful. Therefore, we conclude that the trial court's statements about post-conviction review did not prejudice Payne, and thus, did not invalidate his plea.
 {¶ 11} Payne next argues that his plea is invalid because the trial court failed to engage Payne in a "meaningful dialogue" about his constitutional rights and the nature of the offense to which he pled. Payne does not take issue with the substance of the trial court's explanations; rather, he criticizes his own "superficial" affirmative answers to the trial court's inquires as to whether he understood the explanations. In essence, Payne is arguing that his plea is invalid because he misled the court into believing that he understood his rights and the nature of the offense to which he pled. Nothing in Payne's unambiguously affirmative answers — consisting of "yes," "yes, sir," and "right" — hinted that he did not fully comprehend what the trial court was telling him. When a trial court receives such unequivocal answers to its questions, it need not inquire further into the defendant's understanding. State v. Sahr, Franklin App. No. 05AP-503, 2006-Ohio-3260, at ¶ 12; State v. Toops
(Aug. 16, 2001), Franklin App. No. 00AP-1451. Therefore, we conclude that Payne's one-word affirmative answers did not invalidate his plea.
 {¶ 12} For the foregoing reasons, we overrule Payne's only assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
French and Travis, JJ., concur.