[Cite as *State v. Ellis*, 2015-Ohio-3438.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 14AP-912<br>(C.P.C. No. 14CR-02-885) |
| Terrille D. Ellis, | : | |
| Defendant-Appellant. | : | (REGULAR CALENDAR) |

D E C I S I O N

Rendered on August 25, 2015

*Ron O'Brien*, Prosecuting Attorney, and *Sheryl L. Prichard*, for appellee.

*Mark J. Miller*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Defendant-appellant, Terrille D. Ellis, appeals from the judgment of the Franklin County Court of Common Pleas sentencing him to a term of imprisonment of 23 years to life following his guilty plea to a charge of aggravated murder with a firearm specification. Ellis was indicted on charges of aggravated murder plus a firearm specification, aggravated burglary with a firearm specification, aggravated robbery with a firearm specification, and two counts of having a weapon while under a disability. After initially pleading not guilty to all charges, Ellis entered a plea of guilty to one count of aggravated murder with a firearm specification. At issue in this case is whether the trial court determined that Ellis understood the rights he was waiving by pleading guilty.

{¶ 2} Ellis has assigned one error for this court's review:

The trial court erred in accepting Appellant's guilty plea in violation of Criminal Rule 11 and due process guarantees under the state and federal Constitutions.

{¶ 3} Crim.R. 11(C)(2) requires a trial court to inform a felony defendant of certain constitutional and nonconstitutional rights before it may accept a plea. The purpose of Crim.R. 11(C) is to convey to the defendant certain information so that he can make a voluntary and intelligent decision whether to plead guilty. *State v. Ballard*, 66 Ohio St.2d 473, 479-80 (1981).

{¶ 4} Crim.R. 11 states in pertinent part:

(2) In felony cases the court may refuse to accept a plea of guilty or no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

* * *

(c) Informing the defendant and *determining that the defendant understands that by the plea the defendant is waiving the rights* to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

(Emphasis added.)

{¶ 5} Under the plain language of the rule, "a trial court must strictly comply with Crim.R. 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives (1) the right to a jury trial, (2) the right to confront one's accusers, (3) the right to compulsory process to obtain witnesses, (4) the right to require the state to prove guilt beyond a reasonable doubt, and (5) the privilege against compulsory self-incrimination." When a trial court fails to strictly comply with this duty, the defendant's plea is invalid. S*tate v. Veney*, 120 Ohio St.3d 176, 183, 2008-Ohio-5200, ¶ 31. Omission of even one of these rights renders the plea invalid. *Id.* at ¶ 29-30.

{¶ 6} However, failure to use the exact language contained in the rule in informing a defendant of these rights is not grounds for vacating a plea as long as the

record shows that the trial court explained these rights in a manner reasonably intelligible to *that* defendant. *Id.* at ¶ 27, citing *State v. Ballard*, 66 Ohio St.2d 473 (1981), paragraph two of the syllabus. Thus, "a trial court can still convey the requisite information on constitutional rights to the defendant even when the court does not provide a word-for-word recitation of the criminal rule, so long as the trial court actually explains the rights to the defendant." *Veney* at ¶ 27. Here, there is no question that the trial court strictly complied with Crim.R. 11(C) when it informed Ellis of all the rights he was waiving by pleading guilty.

{¶ 7} At the plea hearing, the prosecutor presented the court with a two-page "Entry of Guilty Plea" form that had been signed by all parties as well as a three-page "Defendant's Agreement" executed by Ellis, his attorney, and the assistant prosecuting attorney. The prosecutor explained the plea agreement and the joint recommendation on the sentence, and the trial court engaged in the following colloquy with Ellis:

> THE COURT: Okay. Mr. Ellis, I have a plea form here that says you're changing your plea to guilty to one count of aggravated murder with a three-year firearm specification and that the other two counts are being dismissed.
>
> Are you voluntarily pleading guilty to aggravated murder with a firearm spec?
>
> DEFENDANT ELLIS: Yes.
>
> THE COURT: Are you aware when you enter a guilty plea, you allow me to find you guilty of that offense and proceed with the sentencing?
>
> DEFENDANT ELLIS: Yes.
>
> THE COURT: On aggravated murder, it would be possible to get all the way up to life without parole in addition to the three-year firearm spec and a fine up to $25,000, are you aware of that?
>
> DEFENDANT ELLIS: Yes.
>
> THE COURT: When you enter a guilty plea, you give up your right to have a jury trial on these charges. You have a right to require the State to prove beyond a reasonable doubt that

you're guilty of these offenses. You have a right to confront and cross-examine anyone who testifies against you. You'd have a right to issue subpoenas for any defense witnesses you might have. You'd have a right, if you went to trial, to remain silent throughout the proceedings, and then you could appeal if any court rulings or jury verdicts went against you in a trial. By entering this guilty plea, that means you're giving up those trial rights.

Are you doing that voluntarily?

DEFENDANT ELLIS: Yes.

THE COURT: I also understand from what Mr. Manning just said that you entered into a Defendant's Agreement and -- or an agreement with the prosecutor about testifying.

Are you aware that, if you don't cooperate and carry out that agreement, that they could withdraw this plea and start all over again?

DEFENDANT ELLIS: Yes.

(Tr. 3-5.)

{¶ 8} The prosecution then presented the following statement of facts:

Early morning of November 20th, 2013, co-defendant by the name of Melanie Spears recruited Mr. Ellis and Mr. Derrick Robinson to commit a robbery of Shaun Fullen, S-H-A-U-N, Fullen, F-U-L-L-E-N. Throughout the day they planned this robbery. And in the evening, Melanie Spears was over at the home of Shaun Fullen here in Franklin County and had Mr. Ellis and Mr. Robinson enter the home under the guise that they were robbing Ms. Spears.

During the course of this, they had a confrontation in the bathroom with Shaun Fullen. Terrille Ellis did fire one shot striking and killing Mr. Fullen. After they shot him, they ransacked the house, took cash and a number of firearms and fled the location. Mr. Fullen died as a proximate result of Mr. Ellis shooting him.

Again, this occurred here in Franklin County, Judge.

(Tr. 5.)  The trial court accepted Ellis' plea and found him guilty of aggravated murder with a firearm specification.

{¶ 9}   Ellis contends that even though the trial court properly informed him of his constitutional rights, it failed to determine if he actually understood the constitutional rights he was waiving by pleading guilty.  Ellis argues that the trial court was required to specifically ask him if he understood the rights he was giving up.  Ellis contends that a strict compliance standard is required in determining whether he understood the rights he was waiving, and that by not inquiring specifically if Ellis understood the rights he was waiving, the court failed to meet the strict compliance standard, and the plea should be vacated.

{¶ 10} The Supreme Court of Ohio has stated, "[w]e have also clarified that in reviewing the totality of the circumstances, a court must determine whether the defendant understood the consequences of waiver."  *Veney*, ¶ 16.  Thus, whether the defendant understands the consequences of his waiver is to be reviewed under a substantial compliance standard, not strict compliance.  *Id.*  Under the substantial compliance standard, a reviewing court examines the totality of the circumstances surrounding the plea to decide if the trial court determined that the defendant understood the rights he was waiving by pleading guilty.

{¶ 11}  *Veney* then stands for the proposition that there is a distinction between the strict compliance required for the notification of constitutional rights and the substantial compliance necessary for other information required to be in the plea colloquy.  *Id.* at ¶ 14 ("Although we had initially insisted on strict compliance with Crim.R. 11(C), we began to draw a distinction between the notification of constitutional rights and the other information required to be in the colloquy in *State v. Stewart* (1977), 51 Ohio St.2d 86, 5 O.O.3d 52, 364 N.E.2d 1163.").

{¶ 12} We believe that this reasoning applies to the requirement in Crim.R. 11(C)(2)(c) that the court is to determine that the defendant understands that by the plea he or she is waiving all of the aforementioned rights.  Thus, the court is not required to use the exact language contained in the rule and ask the defendant whether he understands the consequences of his waiver, although the better practice is "to use the language contained in Crim.R. 11(C), stopping after each right and asking the defendant

whether he understands the right and knows that he is waiving it by pleading guilty." *Ballard* at 479.

{¶ 13} In *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, the Supreme Court of Ohio held that a court reviewing the validity of a plea could consider the language in the change-of-plea agreement, stating that "when a trial court addresses all the constitutional rights in the oral colloquy, a reviewing court should be permitted to consider additional record evidence to reconcile any alleged ambiguity in it." *Id.* at ¶ 24. Additionally, the Supreme Court held that "*Veney* did not reject the *Ballard* approach of considering the totality of the circumstances, but instead is limited to the situation where a trial court omits any discussion of a constitutional right in the oral colloquy." *Id.* at ¶ 25.

{¶ 14} Here, an examination of the totality of the circumstances surrounding the plea, including additional record evidence, demonstrates that Ellis knowingly and voluntarily understood that by pleading guilty he was waiving his constitutional rights. The key portion of the colloquy shows the trial court itemizing all the rights he gives up by entering a guilty plea. Then the trial court reiterates:

> [THE COURT:] By entering this guilty plea, that means you're giving up those trial rights.
>
> Are you doing that voluntarily?
>
> DEFENDANT ELLIS: Yes.

(Tr. 4.)

{¶ 15} In addition, on October 1, 2014, Ellis signed a two-page "Entry of Guilty Plea" which stated in pertinent part:

> I further understand that by pleading "Guilty", I waive a number of important and substantial constitutional, statutory and procedural rights, which include, but are not limited to, the right to have a trial by jury, the right to confront witnesses against me, to have compulsory subpoena process for obtaining witnesses in my favor, to require the State to prove my guilt beyond a reasonable doubt on each crime herein charged at a trial at which I cannot be compelled to testify against myself, and to appeal the verdict and rulings of the trial Court made before or during trial, should those rulings or the verdict be against my interests.

{¶ 16} The plea form is also signed by Ellis' counsel affirming that counsel had explained the facts and law of the case to him and that counsel believed that the plea was being entered into knowingly, intelligently, and voluntarily. *Id.*

{¶ 17} Thus, despite the trial court's failure to explicitly ask Ellis if he understood that, by pleading guilty, he was waiving each of the enumerated constitutional rights, the record demonstrates that Ellis was fully and meaningfully informed of the rights he was waving and that his plea was entered into voluntarily. Based on the totality of the circumstances and the record before us, we conclude that Ellis knowingly and voluntarily waived his constitutional rights. For this reason, we overrule the sole assignment of error.

{¶ 18} Having overruled the single assignment of error, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BRUNNER, J., concurs.
DORRIAN, J., dissents.

DORRIAN, J., dissenting

{¶ 19} I respectfully dissent from the judgment of the majority.

{¶ 20} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." (Emphasis added.) *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). The majority, at ¶ 17, concludes that Ellis "knowingly and voluntarily" waived his constitutional rights. However, whether a defendant understood the rights he was waiving and, therefore, "intelligently" waived those rights is a different question. I do not believe that the trial court in this case determined whether Ellis intelligently waived his rights.

{¶ 21} "[T]he basis of Crim.R. 11 is to assure that the defendant is informed, and thus enable the judge to determine that the defendant understands that his plea waives his constitutional right to a trial." (Emphasis added.) *State v. Ballard*, 66 Ohio St.2d 473, 480 (1981). The Supreme Court of Ohio has stated that "the best method of informing a defendant of his constitutional rights is to use the language contained in Crim.R. 11(C), stopping after each right and asking the defendant whether he understands the right and

knows that he is waiving it by pleading it guilty." (Emphasis added.) *Id.* at 479. The Supreme Court has further stated, however, that "failure to [literally comply] will not necessarily invalidate a plea. The underlying purpose, from the defendant's perspective, of Crim.R. 11(C) is to convey to the defendant certain information so that he can make a voluntary and intelligent decision whether to plead guilty." *Id.* at 479-80.

{¶ 22} I disagree with the majority's application of the substantial compliance standard to conclude that the trial court complied with its duty to determine that Ellis understood the constitutional rights he was waiving. Majority decision at ¶ 10. The majority bases this application of substantial compliance on its reading of ¶ 16 of *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200. That portion of the *Veney* decision refers to the totality of the circumstances in the context of the substantial compliance standard as it applies to non-constitutional rights outlined in Crim.R. 11(C)(2)(a) and (b). *See id.* at ¶ 14-17. Furthermore, *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, the case upon which Veney relied in applying the totality of the circumstances standard to the duty to "determine whether the defendant understood the consequences of waiver," applied the standard when considering whether the defendant understood the right to be informed that a guilty plea is a complete admission of guilt. *Id.* at ¶ 16. The Supreme Court in *Griggs* noted specifically that such right is "nonconstitutional and therefore is subject to review under a standard of substantial compliance." *Id.* at ¶ 12. The rights in question in the case before us are constitutional as outlined in Crim.R. 11(C)(2)(c).

{¶ 23} I am concerned that the effect of the majority decision is to require strict compliance with a trial court's first duty under Crim.R. 11(C)(2)(c) (i.e., informing the defendant of his constitutional rights), but mere substantial compliance for the second duty under that rule (i.e., determining that the defendant understands he is waiving those constitutional rights by pleading guilty). I believe this is an incorrect interpretation of the rule and existing precedent. *See Veney* at syllabus ("A trial court must strictly comply with Crim.R. 11(C)(2)(c).").

{¶ 24} Nevertheless, even in applying a totality of the circumstances standard in a strict compliance context on the facts of this case, I would not conclude that the trial court strictly complied with its duty to determine whether Ellis understood the rights he was waiving. None of the trial court's questions addressed whether Ellis understood the rights

he was waiving by pleading guilty. After informing Ellis of his constitutional rights and explaining that he was waiving those rights by pleading guilty, the trial court asked a single question, inquiring whether Ellis waived those rights voluntarily, but not whether he understood them. Moreover, even with respect to the nonconstitutional rights under Crim.R. 11(C)(2)(a) and (b), the trial court merely asked whether Ellis was aware he was waiving them, not whether he understood them. These questions go to the knowing and voluntary nature of the plea, but not to whether it was made intelligently. Although the majority refers to the guilty plea form signed by Ellis and his counsel, the trial court did not ask Ellis during the colloquy whether he understood the guilty plea form or whether he had discussed it with counsel. Compare *State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, ¶ 21; *State v. Horton*, 10th Dist. No. 09AP-245, 2009-Ohio-5117, ¶ 10 ("When asked if he understood everything in the plea documents that he signed, appellant indicated that he did.").

{¶ 25} For the reasons stated above, based on the facts presented in this case, I would conclude that the trial court failed to strictly comply with its duty under Crim.R. 11(C)(2)(c) to determine that Ellis understood the constitutional rights he was waiving by pleading guilty. Therefore, I would find that Ellis's guilty plea was invalid. *See State v. Payne*, 10th Dist. No. 05AP-1305, 2006-Ohio-4624, ¶ 8.

—————————————